## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| **In re:** | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:04CV02271-WRW** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **DIANE LAFERRARA** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, INC., et. al.** | : | **DEFENDANTS** |

### ORDER

Pending is Defendants' Motion for Summary Judgment Re: Statute of Limitations (Doc. No.

29).  Plaintiff responded, and attached an affidavit to her response.[1]  Defendants replied[2] and filed a

Motion to Strike Plaintiff's Affidavit (Doc. No. 54).

Defendants assert that this case should be dismissed based on the statute of limitations

because, Plaintiff, in her deposition, testified that when she first started taking Prempro she read the

information sheet and recalled it saying that the drug "could cause breast cancer."[3]  She also testified

that after she was diagnosed with breast cancer, in March 1998, she became scared and took herself

off of HRT.  Plaintiff "thought maybe [HRT] had something to do with [the breast cancer]."[4]  In

April 1998, she discussed this with her doctor who "said she thought it was possible [Plaintiff] could

have gotten [cancer] through Prempro."[5]  However, Plaintiff did not file her lawsuit until   December

13, 2004.[6]

---

[1]Doc. No. 43.

[2]Doc. No. 56.

[3]Doc. No. 30-2.

[4]*Id.*

[5]Doc. No. 30-2.

[6]Arkansas statute of limitations on product liability cases is 3 years.  Ark. Code Ann. §
16-116-103.

In response, Plaintiff argues that she "did not know hormone therapy caused her breast cancer before the WHI results were announced."[7]  Plaintiff concedes that she "acknowledged she was aware of a possible link" between HRT and her breast cancer, but criticizes Wyeth for not soliciting testimony regarding Plaintiff's position on the "magnitude of the risk she perceived from the label."[8]  Plaintiff attached an affidavit to her response clarifying her understanding of the "magnitude of the risk."[9]

I am dubious of Plaintiff's post-deposition affidavit filed in response to the summary judgment.  However, I need not determine whether it is the type of "sham affidavit" criticized by the Eighth Circuit,[10] because I did not consider it when assessing the validity of Defendants' motion. Even without the affidavit, questions of fact remain as to when Plaintiff knew or should have known of the probable connection between her breast cancer and HRT use.  Accordingly, Defendants' Motion for Summary Judgment Re: Statute of Limitations (Doc. No. 29) is DENIED, and the Motion to Strike (Doc. No. 54) is MOOT.

IT IS SO ORDERED this 18th day of June, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[7]Doc. No. 43.

[8]*Id.*

[9]Doc. No. 43-2.

[10]See *City of St. Joseph, Mo. v. Southwestern Bell Telephone*, 439 F.3d 468, 475-76 (8th Cir. 2006) (holding that a party that has been deposed may not, at the summary judgment stage, raise an issue of material fact in dispute, by submitting an affidavit that contradicts earlier testimony).